```
 1                    UNITED STATES DISTRICT COURT
 2                    SOUTHERN DISTRICT OF TEXAS
 3                         HOUSTON DIVISION
 4  ROBERT BOWMAN,                     .
                                       .
 5              Plaintiff,              .
                                       .  Civil Action
 6  VS.                                .  No. H-10-CV-3884
                                       .
 7  WEATHERFORD INTERNATIONAL, INC.,   .  Houston, Texas
                                       .  January 4, 2011
 8                                     .  4:55 p.m.
                Defendant.              .
 9  . . . . . . . . . . . . . . . . . .
10                    TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE LYNN N. HUGHES
12                    IN-CHAMBERS CONFERENCE
13
    APPEARANCES:
14
    FOR THE PLAINTIFF:
15
            (No appearance for the Plaintiff)
16
17  FOR THE DEFENDANT:
18          Mr. Robert Michael Moore
            7500 San Felipe
19          Suite 335
            Houston, Texas 77063
20          713.621.8185
            FAX:  713.621.8184
21          rmmoore@sbcglobal.net
22
23
24
         PROCEEDINGS RECORDED BY STENOGRAPHIC MEANS,
25    TRANSCRIPT PRODUCED FROM COMPUTER-AIDED TRANSCRIPTION



              Gayle Dye, CSR, RDR, CRR - 713.250.5582
```

1  COURT REPORTER:
2          GAYLE L. DYE, CSR, RDR, CRR
        515 Rusk, Room 8016
3       Houston, Texas  77002
        713.250.5582
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

|  |  |
|---|---|
| 1 | PROCEEDINGS |
| 2 | January 4, 2011 |
| 3 | (In chambers.) |
| 4 | THE COURT: Sorry to keep you waiting. |
| 04:55:22  5 | MR. MOORE: That's okay. |
| 6 | THE COURT: Have you talked to -- |
| 7 | MR. MOORE: To Ms. Jennings? |
| 8 | THE COURT: -- to Ms. Jennings? |
| 9 | MR. MOORE: No, I have not spoken to her. I received |
| 04:55:30 10 | the motion for leave and the amended complaint when it was |
| 11 | filed. She and I have not spoken. |
| 12 | THE COURT: You don't keep amending your complaint |
| 13 | every time you come up with a new fact. |
| 14 | MR. MOORE: And your Honor, at the last conference, if |
| 04:56:04 15 | you'll recall, you ordered her to produce relevant documents; |
| 16 | and the only thing I've received is the amended complaint. |
| 17 | THE COURT: There was a reporter back then, some crazy |
| 18 | woman named G. Dye. |
| 19 | No production, no appearance. |
| 04:56:38 20 | MR. MOORE: That's right. |
| 21 | THE COURT: And do you have a motion in mind you would |
| 22 | like orally to make? |
| 23 | MR. MOORE: Yes. I would like to move to dismiss for |
| 24 | want of prosecution. |
| 04:57:08 25 | THE COURT: This action was filed in July of 2010. |

Gayle Dye, CSR, RDR, CRR - 713.250.5582

1         MR. MOORE:  It was removed, I believe, in July.

2         THE COURT:  Yes.  But I'm trying to get how long.  But
3 this says "second amended complaint."  Are you familiar with
4 what the first complaint was?

5         MR. MOORE:  Your Honor, the original complaint was
6 filed in state court December 2 -- I can't read the --

7         THE COURT:  Has to be '09.

8         MR. MOORE:  -- '09.  It was -- and it -- this is a
9 case where she had service issues.  The first Defendant she
10 named, Weatherford International, Limited, is the Swiss parent
11 that is not amenable to jurisdiction.  So CT refused it.  She
12 filed an amended complaint naming Weatherford with nothing else,
13 and they refused that.  She finally served Weatherford
14 International, Inc., and that was accepted, and then we removed
15 it.

16         THE COURT:  All right.  So the second amended petition
17 in the 269th District Court was the first one to name
18 Weatherford International, Inc., his employer?

19         MR. MOORE:  Correct.

20         THE COURT:  Okay.  But this case is now a year old --

21         MR. MOORE:  Yes.

22         THE COURT:  -- plus a month.  Under the Soldiers and
23 Sailors Relief Act or whatever it is --

24         MR. MOORE:  Well, that's the other thing about this
25 case, Judge.  She has -- the way it is pled is under the Texas

```
 1  statute only; and that protects service in Texas military units,
 2  not United States military.
 3              THE COURT:  So if he's a confederate veteran --
 4              MR. MOORE:  Or Texas National -- or whatever it is in
 5  Texas.
 6              THE COURT:  Yeah.  The state guard --
 7              MR. MOORE:  Right.
 8              THE COURT:  -- the Texas National Guard.  But -- well,
 9  under the national act, can you get emotional distress and stuff
10  for --
11              MR. MOORE:  I don't believe so.  I haven't researched
12  that thoroughly, Judge.  I don't think so.  I think it's
13  equitable relief, reinstatement, back pay, benefits.  I don't
14  think compensatory damages are available, but I --
15              THE COURT:  And we had a -- as I recall, whether it
16  was from the hearing or from me reading all the complaints,
17  there's a sequential error where he wasn't called up until after
18  he -- at some point she pleads a fact where he was already in
19  Afghanistan or something.
20              MR. MOORE:  It's confusing.  The best I can make from
21  the third amended complaint is that he received -- according to
22  the complaint, he received orders in January saying he was going
23  to be deployed in September and he was, in fact, deployed in
24  September but he was laid off in a reduction in force in April.
25              THE COURT:  All right.  In June, she pleads, of '08
```

```
                1   that he was offered a permanent position.
                2            MR. MOORE:  That's when he was hired.
                3            THE COURT:  Oh, he was originally hired?
                4            MR. MOORE:  Correct.  He was hired June of '08.  He
05:01:48        5   was laid off April of '09.
                6            THE COURT:  That's bizarre.  I mean, the last date she
                7   has in this third amended complaint is the hire date.
                8            MR. MOORE:  I know.
                9            THE LAW CLERK:  There's two hire dates actually.
05:02:02       10            MR. MOORE:  There are?
               11            THE COURT:  So, apparently, his complaint is he told
               12   them in March that he was going to be deployed and they laid him
               13   off a month later.
               14            MR. MOORE:  Right.
05:02:24       15            THE LAW CLERK:  There's another hire date.
               16            THE COURT:  Do you know anything about this
               17   conversation that she quotes in here?  We don't know who's
               18   speaking but where it says, "Yes, I am ready; however,
               19   Lieutenant Bowman indicated he was in the middle of
05:02:56       20   pre-mobilization training"?
               21            MR. MOORE:  I believe that she is quoting Mr. Bowman
               22   in that quote.  I believe the allegation is Mr. Solas --
               23            THE COURT:  He said "I indicated."  She has Lieutenant
               24   Bowman.
05:03:10       25            MR. MOORE:  Yeah.
```

Gayle Dye, CSR, RDR, CRR - 713.250.5582

|   |   |
|---|---|
| 1 | THE COURT: All right. Bowman informed Solas. |
| 2 | MR. MOORE: I've talked to Mr. Solas. Mr. Solas has |
| 05:03:28 | |

1    THE COURT: All right. Bowman informed Solas.
2    MR. MOORE: I've talked to Mr. Solas. Mr. Solas has
3 no recollection of that at all, and it would be odd to offer
4 another job when a layoff is pending. That means there are no
5 other jobs.
6    THE COURT: Then he's laid off --
7    MR. MOORE: The next day.
8    THE COURT: He's offered a job on the 27th, and he's
9 terminated the next day.
10    What did he do for Weatherford?
11    MR. MOORE: He was an MWD -- entry level MWD engineer.
12    THE COURT: What does that mean?
13    MR. MOORE: It's -- measurement while drilling is MWD.
14    THE COURT: Okay, I know what that means. I'm very
15 familiar with Weatherford. My dad worked for Hydril.
16    MR. MOORE: That's what you told me last time. Yeah.
17 So you know the industry.
18    THE COURT: Well, I knew it when I was young. It's
19 changed a whole lot --
20    MR. MOORE: Oh, yes.
21    THE COURT: -- even in the time since I've been a
22 judge. I did some oil and gas work when I was --
23    MR. MOORE: Oh, did you?
24    THE COURT: What else is there in Houston, real estate
25 and oil and gas work?

Gayle Dye, CSR, RDR, CRR - 713.250.5582

1    THE COURT: All right. Bowman informed Solas.

2    MR. MOORE: I've talked to Mr. Solas. Mr. Solas has
3 no recollection of that at all, and it would be odd to offer
4 another job when a layoff is pending. That means there are no
5 other jobs.

6    THE COURT: Then he's laid off --

7    MR. MOORE: The next day.

8    THE COURT: He's offered a job on the 27th, and he's
9 terminated the next day.

10    What did he do for Weatherford?

11    MR. MOORE: He was an MWD -- entry level MWD engineer.

12    THE COURT: What does that mean?

13    MR. MOORE: It's -- measurement while drilling is MWD.

14    THE COURT: Okay, I know what that means. I'm very
15 familiar with Weatherford. My dad worked for Hydril.

16    MR. MOORE: That's what you told me last time. Yeah.
17 So you know the industry.

18    THE COURT: Well, I knew it when I was young. It's
19 changed a whole lot --

20    MR. MOORE: Oh, yes.

21    THE COURT: -- even in the time since I've been a
22 judge. I did some oil and gas work when I was --

23    MR. MOORE: Oh, did you?

24    THE COURT: What else is there in Houston, real estate
25 and oil and gas work?

Gayle Dye, CSR, RDR, CRR - 713.250.5582

|   |   |
|---|---|
| 1 | MR. MOORE: Good point. And to be fair, counsel is a |
| 2 | little handicapped because he is in Afghanistan so -- but still. |
| 3 | THE COURT: I have a kid of a cousin, whatever that is |
| 4 | technically, and she e-mails regularly from Iraq. |
| 05:05:30  5 | MR. MOORE: I assume that they're -- I mean, judging |
| 6 | from the third amended complaint, I'm assuming that she has had |
| 7 | contact with him since the last -- |
| 8 | THE COURT: But we don't have a motion for continuance |
| 9 | because of an absence. |
| 05:05:42  10 | MR. MOORE: Right. |
| 11 | THE COURT: Not only is it the law, it's a good idea |
| 12 | not to punish servicemen. But there's no indication from this |
| 13 | -- there's a temporal sequence which is a necessary condition |
| 14 | but not a sufficient condition. |
| 05:05:56  15 | MR. MOORE: Exactly. |
| 16 | THE COURT: And she doesn't do anything to suggest |
| 17 | that there was hostility toward servicemen at Weatherford. It |
| 18 | doesn't increase any liability for him. I mean -- but it's been |
| 19 | going on a year. |
| 05:06:18  20 | MR. MOORE: Yes. |
| 21 | THE COURT: It's not like I set one of my ten-day, |
| 22 | three-day, one-day deadlines and she can't get ahold of the guy. |
| 23 | No explanation. No -- you've always been reasonable. |
| 24 | MR. MOORE: I try to be. |
| 05:06:40  25 | THE COURT: Around me. I don't know what you're like |

Gayle Dye, CSR, RDR, CRR - 713.250.5582

1   to normal people.  But all right, I'm going to dismiss it
2   because there's no indication in a year and three attempts --
3   four attempts at the complaint we got --
4              MR. MOORE:  Correct.
05:06:58  5              THE COURT:  -- or five -- I don't know how many.  And
6   all that time she could have talked to her client and gotten the
7   facts and gotten a schedule.  It's not that hard to do a table
8   on the computer and fill in this happened on this date, this
9   date; and I would allow a lot of leeway for a serviceman; but in
05:07:30 10  this case, he's had the leeway.  My only anxiety is that he may
11  have had a bad lawyer, but he chose the lawyer.  Those are his
12  consequences.  I'll do an order.
13             MR. MOORE:  Thank you, Judge.
14             THE COURT:  Again, sorry to keep you waiting.
15             MR. MOORE:  No problem.
16        (Proceedings concluded at 5:07 p.m.)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter, to the best of my ability.

By: /s/*Gayle L. Dye*                    *01-10-2011*
       Gayle L. Dye, CSR, RDR, CRR         Date

Gayle Dye, CSR, RDR, CRR - 713.250.5582